**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CORINE E. WORTHY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:25-CV-335 (CAR)** |
| | : | |
| **TROY MEINK, SECRETARY OF THE UNITED STATES AIR FORCE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff Corine E. Worthy, proceeding *pro se*, filed this employment discrimination and retaliation suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), against Defendant Troy Meink, in his official capacity as Secretary of the Air Force (the "Agency"). Currently before the Court are the Agency's Motions to Dismiss, and Plaintiff's Motion to Amend Complaint. As explained below, the Court **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 14] and **DENIES WITHOUT PREJUDICE AS MOOT** the Agency's Motions to Dismiss [Docs. 8 and 13].

## I. Procedural Background

This is Plaintiff's third civil action in this District (of five total) against the Agency asserting employment discrimination and retaliation claims for various events occurring

between 2016 and 2021 while a civilian employee at Robins Air Force Base ("AFB") in Warner Robins, Georgia.[1]

Plaintiff timely filed her original complaint in this action asserting 10 claims against the Agency for disparate treatment, hostile work environment, retaliation, and retaliatory hostile work environment based on various events from August 2019 through July 2020.[2] The Agency then filed a pre-answer motion to dismiss Plaintiff's complaint.[3] In lieu of filing a response to the Agency's motion to dismiss, Plaintiff filed an Amended Complaint as a matter of right.[4] The Agency then filed a Motion to Dismiss Plaintiff's Amended Complaint.[5] In response, Plaintiff moved for leave to file a Second Amended Complaint.[6] Plaintiff attached her proposed Second Amended Complaint alleging seven revised claims against the Agency.[7]

## II. Motion to Amend

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course

---

[1] *See Worthy v. Meink*, Civil Action No. 5:23-CV-519 (CAR) ("*Worthy I*"); *Worthy v. Meink*, Civil Action No. 5:24-CV-16 (TES) ("*Worthy II*"); *Worthy v. Meink*, Civil Action No. 5:25-CV-335 (CAR) ("*Worthy III*") (current action); *Worthy v. Meink*, Civil Action No. 5:25-cv-398 (CAR) ("*Worthy IV*"); and *Worthy v. Meink*, Civil Action No. 5:25-CV-424 (CAR) ("*Worthy V*").
[2] Complaint [Doc. 1].
[3] Motion to Dismiss Complaint [Doc. 8].
[4] Amended Complaint [Doc. 9].
[5] Motion to Dismiss Amended Complaint [Doc. 13].
[6] Motion for Leave to File Second Amended Complaint [Doc. 14].
[7] [Doc. 14-1].

within certain time constraints.[8] Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written consent of the opposing party.[9] Generally, when leave to amend is sought, "it shall be freely given when justice so requires."[10] Indeed, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[11] Such reasons include undue delay, undue prejudice to defendants, futility of the amendment,[12] and failure to state a viable claim as a matter of law.[13]

The Agency opposes Plaintiff's Motion arguing Plaintiff has already had the opportunity to file an amended complaint, it has expended substantial time and resources responding to her original complaint and first amended complaint, and any amendment would be futile. But under Rule 15(a)(1), Plaintiff had a right to amend as a matter of course, without first obtaining the Court's permission, by filing an amended pleading within 21 days after service of the Agency's first Rule 12(b)(6) motion to dismiss. Plaintiff exercised that right when she filed her first amended complaint. In response to the Agency's motion to dismiss her Amended Complaint, Plaintiff filed her motion for leave to file a second amended complaint.

---

[8] Fed. R. Civ. P. 15(a).
[9] *Id.*
[10] *Id.*
[11] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).
[12] *Foman v. Davis*, 371 U.S. 178, 182 (1952).
[13] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

The Eleventh Circuit has consistently cautioned that *pro se* pleadings are to be liberally construed, and "[w]here a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismissed the action with prejudice."[14] Plaintiff is proceeding in this matter *pro se*, and this is her first request to the Court for leave to amend, well within the liberal policy of "freely given" leave. Although the Agency states any amendment would be futile, it does not address the revised claims Plaintiff intends to assert. "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."[15] While the Agency may ultimately be correct, the Court will allow Plaintiff to file her second amended complaint and respond to the merits of any such argument upon the Agency's filing of a motion to dismiss.

**III. Motions to Dismiss**

Because the Court will allow Plaintiff to amend her complaint, the Agency's pending Motions to Dismiss are now moot. As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment

---

[14] *Goguette v. U.S. Bank, N.A.*, 716 F. App'x 847, 849 (11th Cir. 2017) (alteration in original) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled plaintiffs)).
[15] *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).

and is no longer a part of the pleader's averments against h[er] adversary."[16] "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint."[17]

## IV. Conclusion

As explained above, the Court **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 14] and **DENIES WITHOUT PREJUDICE AS MOOT** the Agency's Motions to Dismiss [Docs. 8 and 13]. The Clerk is **DIRECTED** to docket Plaintiff's proposed amended complaint at Docket Entry Doc. 14-1 as a separate docket entry titled "Plaintiff's Second Amended Complaint." The Agency shall have thirty (30) days to file any motion to dismiss.

**SO ORDERED,** this 25th day of August, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[16] *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation marks omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.3d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").
[17] *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009).